UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


| | |
|---|---|
| WESLEY ADAM WILLIAMS ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 1:12-0028 |
| ] | Judge Campbell |
| MAURY COUNTY JAIL, et al. ] | |
|     Defendants. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Maury County Jail in Columbia, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Maury County Jail and Lt. Debra Wagonschutz, a member of the staff at the Jail, seeking injunctive relief and damages.

On February 21, 2012, the plaintiff received a misconduct report charging him with flooding his cell. He did not meet with the disciplinary board within five days, as required in the handbook given to all inmates. The plaintiff was ultimately placed on lockdown for fourteen (14) days. He now suggests that he was punished for his alleged misconduct in violation of his right to due process.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, (1981).

The plaintiff believes that he was denied due process prior to being punished for a disciplinary infraction. For several years, it was well settled that an inmate facing the possibility of disciplinary sanctions was entitled to a certain degree of procedural due process. Wolff v. McDonnell, 418 U.S. 539 (1974). This process included advance written notice of the charge, a hearing to resolve the charge during which the accused may present documentary evidence and call witnesses, and a written statement from the fact-finder describing the evidence relied upon and the reasons for the disciplinary action taken.

The Supreme Court, however, has changed the methodology used to determine whether an inmate has a liberty interest worthy of due process protection. *See*, Sandin v. Conner, 115 S.Ct. 2293 (1995). Federal courts are no longer required to examine the language of prison regulations to ascertain whether substantive restrictions have been placed upon the discretion of prison officials. Rather, our inquiry now focuses on whether the imposition of a particular disciplinary sanction " presents the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, *supra* at 115 S.Ct. 2301.

The Sandin opinion reaffirmed that when a prison disciplinary sanction directly affects the length of a prisoner's incarceration, the prisoner has an inherent liberty interest subject to the

procedural safeguards announced in Wolff, *supra*. However, when the disciplinary sanction contemplated would not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the procedural due process described in Wolff does not apply. Sandin, *supra* at 115 S.Ct. 2300.

There is nothing in the complaint to suggest that the plaintiff was made to suffer an atypical and significant hardship sufficient to create a liberty interest subject to constitutional protection. *See* Sandin, *supra* (finding that thirty days in punitive segregation was neither atypical nor a significant hardship). Moreover, there is no evidence to suggest that the disciplinary sanctions imposed upon the plaintiff directly affected the length of his incarceration. Thus, the plaintiff's placement in lockdown for fourteen (14) days did not offend his right to due process.

In the absence of conduct in violation of federal law, the plaintiff is unable to prove every element of his cause of action. Thus, he has failed to state a claim upon which relief can be granted. Under such circumstances, a district court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge